# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ERNEST BUSTOS,

        Plaintiff,

vs.

GREGG A. DENNIS, d/b/a IIS Benefit Administrators, *et al.*,

        Defendants.

2:17-cv-00822-KJD-VCF
**ORDER**

MOTION TO STAY DISCOVERY (ECF No. 36), MOTIONS TO COMPEL AND FOR SANCTIONS (ECF Nos. 38-43)

      Before the Court is Defendants Gregg Dennis, Investment Insurance Services, Inc., and Southern Nevada Benefit Administration, LLC's Motion to Stay Discovery (ECF No. 36), Plaintiff Ernest Bustos' response (ECF No. 45), and Defendants' reply (ECF No. 46). Also before the Court are Bustos' motions to compel production of documents and for sanctions. (ECF Nos. 28-43). For the reasons discussed below, Defendants' motion to stay is granted and Bustos' motions to compel and for sanctions are denied.

## **LEGAL STANDARD**

      Defendants move to stay discovery based on their pending motion to dismiss Bustos' amended complaint. (ECF No. 25). When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* Fed. R. Civ. P. 26(B)(2)(iii).

The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Whether to grant a stay is within the discretion of the court. *Munoz–Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503. Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## **DISCUSSION**

Bustos' amended complaint alleges three causes of action against the Defendants: breach of contract, tortious interference with contract, and tortious interference with prospective business relationships. (ECF No. 9 at 8-11). Plaintiffs assert there are several foundational, legal issues with Bustos' claims. Defendants argue the breach of contract claim is asserted against Defendants that are not

party to the contract, the breach of contract claim is based on duties that were not required by the contract, a tortious interference with a contract claim cannot be brought against parties who allegedly interfered with their own contract, and the tortious interference claims are based on conclusory statements and speculation. (ECF No. 25 at 7-10).

Without prejudging the outcome of the motion to dismiss, the Court finds there is a high likelihood that the amended complaint will be significantly limited in scope if not eliminated when the pending motion to dismiss is decided. There appears to be merit in several of Defendants' arguments against Bustos' claims, and these arguments would not need further discovery to resolve.[1] After a "preliminary peek" and in light of the goals of Rule 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that the motion to dismiss has merit and may resolve most if not all issues in controversy and demonstrates good cause to stay discovery.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that the Defendants' Motion to Stay Discovery (ECF No. 36) is hereby GRANTED. In the event resolution of Defendants' motion to dismiss (ECF No. 25) does not result in the disposition of this case, the parties must file a new joint discovery plan within 21 days of the issuance of the order resolving that motion.

IT IS FURTHER ORDERED that Bustos' motions to compel discovery and for sanctions (ECF Nos. 38-43) are DENIED. In the event resolution of Defendants' motion to dismiss (ECF No. 25) does not result in the disposition of this case, Bustos will have the opportunity to file motions to compel discovery after he re-serves his requests on Defendants and parties adhere to the procedure in LR 26-7.

---

[1] The Court is persuaded by Defendants' arguments that Bustos' breach of contract claim is based on duties not specified in the contract and Bustos' interference with prospective business relationships claim is based on conclusory statements and impermissible speculation. However, the Court is not "convinced" that Bustos would be unable to state an interference with a contract claim. The Court notes that if one or more Defendants were not parties to the contract for the purpose of Bustos' breach of contract claim, they would potentially be capable of interfering with the contract for the purpose of Bustos' interference with contract claim. This issue could require further discovery to resolve.

IT IS FURTHER ORDERED that a status hearing is scheduled for 10:00 a.m., April 2, 2018, in courtroom 3D.

## NOTICE

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 28th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE