# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERNEST BUSTOS,

    Plaintiff,

v.

GREGG A. DENNIS, *et al.*,

    Defendants.

Case No. 2:17-CV-00822-KJD-VCF

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#25). Plaintiff filed a response in opposition (#33) to which Defendants replied (#34). Also before the Court is Plaintiff's Motion to Strike (#35). Defendants filed a response in opposition (#37) to which Plaintiff replied (#44). Having read and considered the motion to strike, and good cause being found it is granted in part. The affidavit attached to Defendants' reply in support of their motion to dismiss will be disregarded when resolving the motion to dismiss.

    Finally, after the court in the Western District of Texas in this action had granted the motion to transfer to the District of Nevada, Plaintiff filed a Motion to Amend Findings and Reconsider Ruling on Transfer (#19). The Western District court appropriately denied the motion finding that it lacked jurisdiction. To the extent that the motion is still pending before this Court, it is denied based on the "law of the case" doctrine. See Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)(a court is

generally precluded from reconsidering an issue that has already been decided by the same court in the identical case).

I. Background

Taking the allegations of Plaintiff's complaint as true, on June 10, 2015, Bustos entered into a written contract with Southern Nevada Benefit Administrators, LLC d/b/a IIS Benefit Administrators ("Southern") to sell and market a product called the IIS Benefits Administrators TRI-Funding Product ("Product"). Bustos had a concept of developing a distribution system of agents to market and sell the Product. Bustos shared his plans with Defendant Gregg Dennis ("Dennis") including his marketing plan which consisted of a team that would set appointments for agents and monitor productivity. The team was to be comprised of, or led by, two individuals: Herman Munster, who had experience recruiting and supervising the appointment scheduling, and Richard Wilson, an in-house trainer. Neither man was a licensed insurance agent. Bustos had an agreement with both individuals, but no contract.

The contract with Southern was signed by Dennis, as "President IIS Benefit Administrators." Defendant Southern Nevada Benefit Administrators, LLC owns the name IIS Benefit Administrators and does business as Southern and IIS Benefit Administrators. Dennis is also the president of a Nevada corporation, Defendant Investment Insurance Services, Inc. ("Investment") which Plaintiff alleges does business in Texas as IIS Benefit Administrators. Investment owns the name and does business as I.I.S. Benefits.

Once the contract was signed, Plaintiff alleges that Dennis and IIS stopped communicating and ceased all contact with him. As a result, Bustos's ability to market and sell the product and develop a distribution system of agents was frustrated. Further, no on-site training of agents occurred. Bustos alleges that Dennis began "dealing" with Wilson and that was Wilson was going to be a trainer for Dennis, Investment, and Southern.

1    Bustos then filed the present action alleging breach of contract, intentional interference with
2 contract and interference with prospective economic advantage. After the action was transferred to
3 the District of Nevada, Defendants filed the present motion to dismiss.

## II. Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

## III. Analysis

### A. Breach of Contract

Contracts are construed from the written language of the document and enforced as written. Ellison v. Cal. State Auto. Ass'n, 797 P.2d 975, 977 (Nev. 1990). Nevada law requires plaintiffs in breach of contract actions to demonstrate "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." Saini v. Int'l Game Tech., 434 F. Supp.2d 913,

919–920 (D. Nev. 2006) (quoting Richardson v. Jones, 1 Nev. 405 (Nev. 1865)). Specifically, "failure to perform one's obligations within the express terms of an agreement constitutes a literal breach of contract." Id. at 923.

Defendants argue that the breach of contract claim must be dismissed, because: (1) Dennis and Benefits are not parties to the contract; (2) Dennis, as manager of Southern, is not subject to personal liability; and (3) the conduct complained of by Bustos does not amount to breach of the express terms of the contract.

Generally speaking, Defendants correctly assert that the claims against Dennis individually could be dismissed, because he is not a party to the contract and signed the contract on behalf of the Southern entity. In Nevada, "no one is liable upon a contract except those who are parties to it." Albert H. Wohlers & Co.v. Bartgis, 969 P.2d 949, 959 (1998). Further, members or managers of limited liability companies formed under Nevada law are not individually liable for the company's debts or liabilities. Nev. Rev. Stat. § 86.371 (2017). Thus, the Court would dismiss the claims against Dennis individually, however, Plaintiff has pled that the Dennis is the alter ego of Southern and Investment.

The corporate form is not lightly thrown aside. In order to state a claim for alter-ego liability in Nevada, a plaintiff must allege that: (1) the corporation is influenced and governed by the person asserted to be the alter ego; (2) there is such unity of interest and ownership that one is inseparable from the other; and (3) the facts are such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction fraud or promote injustice. See Nev. Rev. Stat. § 78.747; see also Polaris Industrial Corp. v. Kaplan, 747 P.2d 884, 886 (Nev. 1987). "The question of whether a stockholder, director or officer acts as the alter ego of a corporation must be determined by the court as a matter of law." NRS § 78.747. "There is no litmus test for determining when the corporate fiction should be disregarded; the result depends on the circumstances of each case." Polaris Industrial, 747 P.2d at 887.

The Court finds that Plaintiff has made sufficient factual allegations that Southern and Investments are influenced and governed by Dennis.[1] Further, Bustos has alleged facts such that failing to pierce the corporate veil would sanction fraud or promote injustice. However, Plaintiff has failed to allege non-conclusory, specific facts showing unity of interest and ownership that one organization or individual is inseparable from the other. Merely signing a contract on behalf of a corporate or LLC defendant is insufficient. See Guy, 2015 WL 56048 at 2(citing Seymour v. Hull & Moreland Engineering,605 F.2d 1105, 1111 (9th Cir. 1979). The following factors, though not conclusive, may indicate the existence of unity of interest and ownership: (1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure to observe corporate formalities. Lorenz v. Beltio, Ltd., 114 Nev. 795, 808, 963 P.2d 488, 497 (Nev. 1998) (citing Polaris Industrial, 747 P.2d at 887). The bare allegations in Plaintiff's complaint do not satisfy the requirement that Plaintiff plead facts showing these factors.

Therefore, the complaint must be dismissed against Dennis and Investment because they are not in privity of contract with Plaintiff, Dennis is not personally liable for breach of Southern's contract, and Plaintiff has failed to sufficiently plead an "alter ego" theory.

The remaining breach of contract claims must also be dismissed. Plaintiff asserts that Southern breached the contract in two ways: (1) by "recruitment of Bustos' marketing team member/agent"; and (2) failure to provide on-site (in San Antonio) training of Bustos's agents. However, neither of these claims are adequately alleged. First, the contract states: "IIS Benefits will not recruit Bustos & Associates Agents." However, Plaintiff does not allege that either Wilson or

---

[1]Though the issue has not been decided by the Nevada Supreme Court, both state and federal courts in Nevada have consistently applied the law of corporations to limited liability companies for piercing the corporate veil and the "alter ego" doctrine. See Guy v. Casal Inst. of Nevada, LLC, 23 Wage & Hour Cas.2d (BNA) 814 (D. Nev. Jan. 5, 2015)(citing Montgomery v. eTrepped Techs., LLC, 548 F.Supp.2d 1175, 1179 (D. Nev. 2008)(listing cases); In re Giampietro, 317 B.R. 841, 845-47 (D. Nev. 2004)). Like the other courts in the District of Nevada, this Court, too, predicts that the Nevada Supreme Court would treat an LLC as a corporation for the purposes of applying the "alter ego" doctrine and piercing the corporate veil.

Munster are licensed agents. By the express language of the contract, Southern was not prevented from recruiting or employing Wilson or Munster.

Second, the contract required: "4. Each agent will be required to go through and complete an IIS Benefits Training Class on the technical aspects of the IIS Benefits TRI-Funding Product." Plaintiff's claim for breach of contract alleges "[F]ailure to assist the start-up of Bustos' sales and marketing efforts through on-site training[.]" Plaintiff has failed to allege a breach of contract claim. The agents were required to complete a class, but the contract is silent on the details of who was to provide the training, where the training was to be located, and what conditions would trigger the training.[2] In fact, Plaintiff even failed to allege that he had any agents that were ready for training. Therefore, the breach of contract claims are dismissed with leave to amend. Plaintiff must file an amended complaint curing the deficiencies in his complaint within ten (10) days of the entry of this order, or the complaint will be dismissed with prejudice.

B. Intentional Interference with Contract

Defendants have also moved to dismiss Plaintiff's claim for intentional interference with contract. In Nevada in order to establish a claim for intentional interference with contractual relations, a plaintiff must establish: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage. See J.J. Industries, LLC v. Bennett, 71 P.3d 1264, 1267 (Nev. 2003). Here, Plaintiff's claim for intentional interference with contract must be dismissed, because Plaintiff has failed to allege the existence of a contract with either Wilson or Munster. An "agreement" is not a contract. See *Agreement*, Black's Law Dictionary (9th ed. 2009)("every contract is an agreement, not every agreement is a contract"). Further, Plaintiff does not

---

[2]Since Plaintiff has failed to adequately state a breach of contract claim, it is unnecessary to determine whether obtaining a surety bond, and providing evidence of Bustos's E&O insurance and his agents individual E&O insurance was a condition precedent to the training. Generally, however, "conditions precedent are not favored and [the court] will not construe [terms] as conditions unless required to do so by plain, unambiguous language." NGA #2 Ltd. Liab. Co. v. Rains, 946 P.2d 163, 167-68 (Nev. 1997).

1  allege that Defendants knew of a contract between Plaintiff and either Wilson or Munster.
2  Accordingly, the claim for intentional interference with contract is dismissed with leave to amend.

        C.  <u>Intentional Interference with Prospective Economic Advantage</u>

In order to establish a claim for intentional interference with prospective economic advantage, a plaintiff must establish: 1) a prospective contractual relationship between the plaintiff and a third party; 2) the defendant's knowledge of this prospective relationship; 3) the intent to harm the plaintiff by preventing the relationship; 4) the absence of privilege or justification by the defendant; and, 5) actual harm to the plaintiff as a result of the defendant's conduct.  <u>See</u> <u>Leavitt v. Leisure Sports Incorporation</u>, 734 P.2d 1221, 1225 (Nev. 1987).  Here, it is unclear whether Plaintiff is alleging interference with prospective agreements with Wilson and Munster or "former Bustos marketing team members[.]" In either case, Plaintiff has not met his burden in alleging interference with a specific prospective contractual relationship. Plaintiff has also not alleged that Defendants were aware of the prospective relationship. Accordingly, this claim is dismissed with leave to amend.

<u>IV. Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#25) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff file an amended complaint within fourteen (14) days of the entry of this order, failure to do so will result in the complaint being dismissed with prejudice;

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#35) is **GRANTED in part**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Findings and Reconsider Ruling on Transfer (#19) is **DENIED**;

///
///
///
///

7

IT IS FURTHER ORDERED that Plaintiff's Motion for Magistrate Judge to Reconsider (#48) is **DENIED as moot.**

DATED this 20th day of March 2018.

_____
Kent J. Dawson
United States District Judge