UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST BUSTOS, | Case No. 2:17-CV-00822-KJD-VCF |
| Plaintiff, | ORDER |
| v. | |
| GREGG A. DENNIS, d/b/a, IIS BENEFIT ADMINISTRATORS, *et al.*, | |
| Defendant. | |

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (#63). Plaintiff filed a response in opposition (#67) to which Defendants replied (#69). Also before the Court is Plaintiff's First Motion for Reconsideration (#57). Defendants filed a response in opposition (#58) to which Plaintiff replied (#62).[1] Finally before the Court is Plaintiff's Motion to Strike Declaration (#68). Defendants filed a response in opposition (#70). Generally, motions to strike are disfavored. The issues raised by Plaintiff are best served being presented in opposition to the motion to dismiss. The Court is well aware of the standards governing motions to dismiss. The Court is capable of disregarding evidence outside the amended complaint without an unnecessary round of briefing that delays the consideration of the issues on their merits. The motion to strike is denied.

I. BACKGROUND and ANALYSIS

On March 20, 2018, the Court granted Defendants' motion to dismiss but granted *pro se* Plaintiff the opportunity to file an amended complaint. Plaintiff did so on April 9, 2018 (#56).

---

[1] Having read and considered Plaintiff's motion for reconsideration and good cause lacking, it is denied. Further having filed a second amended complaint in accordance with the Court's order it is moot.

1 Defendants have now moved to dismiss the second amended complaint for virtually the identical
2 reasons it moved to dismiss the initial complaint. Having read and considered the Second
3 Amended Complaint ("SAC") (#56) and the briefing on the motion to dismiss the SAC, the
4 Court finds that the SAC cures the deficiencies of the initial complaint and adequately alleges
5 alter ego liability.

6 Contracts are construed from the written language of the document and enforced as
7 written. Ellison v. Cal. State Auto. Ass'n, 797 P.2d 975, 977 (Nev. 1990). Nevada law requires a
8 plaintiff bringing a breach of contract action to demonstrate "(1) the existence of a valid contract,
9 (2) a breach by the defendant, and (3) damage as a result of the breach." Saini v. Int'l Game
10 Tech., 434 F. Supp.2d 913, 919–920 (D. Nev. 2006) (quoting Richardson v. Jones, 1 Nev. 405
11 (Nev. 1865)). Specifically, "failure to perform one's obligations within the express terms of an
12 agreement constitutes a literal breach of contract." Id. at 923. Plaintiff has adequately alleged
13 breach.

14 To establish a claim for breach of the implied covenants of good faith and fair dealing, a
15 plaintiff must prove: (1) the existence of a contract between the parties; (2) that defendant
16 breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of
17 the contract; and (3) the plaintiff's justified expectations under the contract were denied. See
18 Perry v. Jordan, 900 P.2d 335, 338 (1995) (citing Hilton Hotels Corp. v. Butch Lewis Prod. Inc.,
19 808 P.2d 919, 922–23 (1991)). To the extent that Plaintiff has alleged breach of the implied
20 covenant of good faith and fair dealing, he has alleged factual allegations that meet the standard.

21 Defendants also seek to dismiss alleging that Plaintiff's alter ego allegations are
22 insufficient. In order to state a claim for alter-ego liability in Nevada, a plaintiff must allege that:
23 (1) the corporation is influenced and governed by the person asserted to be the alter ego; (2)
24 there is such unity of interest and ownership that one is inseparable from the other; and (3) the
25 facts are such that adherence to the corporate fiction of a separate entity would, under the
26 circumstances, sanction fraud or promote injustice. See Nev. Rev. Stat. § 78.747; see also Polaris
27 Industrial Corp. v. Kaplan, 747 P.2d 884, 886 (Nev. 1987). "The question of whether a
28 stockholder, director or officer acts as the alter ego of a corporation must be determined by the

court as a matter of law." NRS § 78.747. "There is no litmus test for determining when the corporate fiction should be disregarded; the result depends on the circumstances of each case." Polaris Industrial, 747 P.2d at 887. Plaintiff's updated factual allegations meet the test to allege unity of interest and ownership necessary to survive a motion to dismiss. See Lorenz v. Beltio, Ltd., 114 Nev.795, 808, 963 P.2d 488, 497 (Nev. 1998).

While the Court questions the ability of Plaintiff to prove the existence of the alleged contracts at trial, his complaint sufficiently alleges the facts necessary to raise intentional interference with prospective economic advantage and intentional interference with contract claims. See J.J. Industries, LLC v. Bennett, 71 P.3d 1264, 1267 (Nev. 2003); Leavitt v.Leisure Sports Incorporation, 734 P.2d 1221, 1225 (Nev. 1987).

II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (#63) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's First Motion for Reconsideration (#57) is **DENIED**;

IT IS FURTHER ORDERED that Motion to Strike Declaration (#68) is **DENIED**.

Dated this 29th day of March, 2019.

_____
Kent J. Dawson
United States District Judge