UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST BUSTOS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GREG DENNIS, d/b/a IIS BENEFIT ADMINISTRATORS, *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:17-CV-0822-KJD-VCF<br><br>ORDER |

　　　　Presently before the Court is Defendants' Motion for Summary Judgment (#100). Plaintiff filed a response in opposition (#103) to which Defendants replied (#105). Also, before the Court is Plaintiff's Motion for Leave to File Document (#104). Defendants filed a response in opposition (#106) to which Plaintiff replied (#107). Finally, before the Court is Plaintiff's Motion for Leave to File Sur-reply (#111). Defendants filed a response in opposition (#116) to which Plaintiff replied (#119).

I. Background

　　　　In this heavily litigated action, which is on its Second Amended Complaint and third round of dispositive motions, Plaintiff alleges that he executed a contract with Defendants. Plaintiff asserts that Defendants did not breach the contract, but instead breached the implied duty of good faith and fair dealing in two ways. First, he alleges that they refused to conduct on-site training of insurance agents in San Antonio, Texas.[1] Second, Plaintiff alleges a breach of the implied covenant by recruiting a third-party, Richard Wilson, to train and find prospective agents

---

[1] Presumably, Defendants allege this as a breach of the implied covenant of good faith and fair dealing rather than a breach of the contract, because the contract does not require Defendants to provide the training on-site in San Antonio, Texas and the Court already granted Defendants' motion to dismiss on this issue.

to sell their insurance product.[2] Plaintiff alleges that he had a partnership agreement with Wilson and Herman Munster to share profits from organizing and training agents to sell Defendant's insurance product. Plaintiff, without labeling them, appears to also allege claims for intentional interference with prospective economic advantage, tortious interference with contract, and civil conspiracy.

As part of initial disclosures and in response to interrogatories, Bustos' only evidence of damages, other than his own self-serving affidavit, is a one-page "Business Plan for Group Sales[.]" The "Business Plan" provides no discussion of alleged damages but merely sets forth what fees might be generated for Defendant Southern Nevada Benefit Administrators if Bustos made the sales indicated (which are an extremely generous estimate of potential sales). However, it contains no specifics, such as actual clients, or even actual potential clients, a description of the potential market or any other analysis other than hoped for and dreamt of profits. Bustos noticed no expert on damages and provided no calculation of damages. Bustos never supplemented his disclosures or interrogatories on damages.

Defendants have now moved for summary judgment based on several grounds including lack of standing, failure to meet conditions precedent, and lack of proof of damages, amongst others. The Court only need address Plaintiff's complete failure to raise a genuine issue of material fact that he suffered any compensable damage and two alternative grounds for granting summary judgment on claims or dismissing parties.

II. Standard on Summary Judgment

Summary judgment is appropriate when the pleadings, discovery responses, and affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). For summary judgment purposes, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Kaiser Cement Corp. v. Fishbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986).

---

[2] Again, it appears that Plaintiff does not allege a breach of the contract, because the contract only prevents Defendants from hiring Plaintiff's licensed agents. Wilson is not, or was not, a licensed insurance agent in Texas in 2015. Wilson also avers that he never entered into an agreement with Bustos and Munster.

The moving party bears the initial burden of showing that there are no genuine issues of material fact for trial. It can do this by: (1) presenting evidence to negate an essential element of the nonmoving party's case; or (2) demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 323–325.

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T. W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). But the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Bank of Am. v. Orr, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). It "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in its favor. Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–249 (1986).

III. Analysis

    A. Damages

Each claim asserted by Plaintiff requires proof of some measurable form of damages. To prevail on a claim for breach of the implied duty of good faith and fair dealing, Bustos must prove: (1) plaintiff and defendant entered into a valid contract; (2) plaintiff did all, or substantially all, of its obligations pursuant to the contract; (3) defendant performed in a manner that was unfaithful to the purpose of the contract, or deliberately contravened the intention and spirit of the contract; (4) plaintiff's justified expectations were thus denied; and (5) defendant's conduct was a substantial factor in causing damage to the plaintiff. Rd. & Highway Builders v. N. Nev. Rebar, 284 P.3d 377, 382 (2012); Nelson v. Heer, 163 P.3d 420, 427 (2007); J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1015-16 (2004); Perry v. Jordan, 900

P.2d 335, 338 (1995).

The elements for tortious interference with prospective economic advantage require Bustos to prove: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct. In re Amerco Derivative Litig., 252 P.3d 681, 702 (Nev. 2011) (citing Wichinsky v. Mosa, 847 P.2d 727, 729- 30 (1993)).

To survive Defendants' motion for summary judgment, Plaintiff must show, through admissible evidence, that he was damaged or suffered harm as a result of Defendants' conduct.[3] In response to Defendants' motion for summary judgment on damages, Dennis admits that his damage calculations are based, not an actual damages or facts, but on a sample proposal generated by Defendants and non-party, James Munster's declaration based on the proposal. See Plaintiff's Response in Opposition, ECF No. 100, p. 10, l. 7-21. However, Munster was neither designated as an expert witness, nor is his estimate based on any facts. Neither Plaintiff nor Munster identified any specific potential customer who was prepared to purchase the insurance product. Further, other than Bustos, no agent has been identified who would have made any of the sales that Plaintiff bases his damages on.

In other words, Plaintiff's calculation of damages is entirely speculative. Pursuant to Fed. R. Civ. P. 26 (a)(1)(A)(iii) ("Rule 26"), a party must, without the necessity of a discovery request, provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Jackson v. United Artists Theatre Circuit, Inc., 278 F.R.D. 586, 593 (D. Nev. 2011). "The word

---

[3] To be sure, the Court is not finding that Plaintiff has established genuine issues of material fact as to the other elements of his claims. Analysis of those elements is unnecessary considering the complete lack of admissible evidence of damage. Where an essential element of a claim for relief is absent, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and summary judgment is proper. Celotex, 477 U.S. at 323–24.

1  'computation' contemplates some analysis beyond merely setting forth a lump sum amount for a
2  claimed element of damages." Allstate Ins. Co. v. Nassiri, No. 2:08-cv-00369- JCM-GWF, 2011
3  WL 2977127, at *4 (D. Nev. July 21, 2011). Additionally, the party seeking damages must
4  "timely disclose its theory of damages" as well as the "basic method or formula by which it
5  contends its damages should or will be calculated even if it cannot identify the specific dollar
6  amount of damages pending further discovery." Silver State Broad., LLC v. Beasley FM
7  Acquisition, No. 2:11-cv-01789-APG-CWH, 2016 WL 320110, at *2 (D. Nev. Jan. 25, 2016),
8  aff'd sub nom. Silver State Broad., LLC v. Bergner, 705 Fed. Appx. 640 (9th Cir. 2017)).

9  Bustos' pled theory of damages is "lost commission and service fees that would have
10 been earned by those sales by Bustos' and Bustos' distribution system of agents." See Second
11 Amended Complaint ¶¶ 43, 51,67, 76,88. However, Bustos did not produce or point the Court to
12 any evidence that would make his claimed damages anything but speculative. For example, he
13 did not disclose an expert. Damages "cannot be based solely upon possibilities and speculative
14 testimony." United Exposition Serv. Co. v. State Indus. Ins. Sys., 851 P.2d 423, 425 (1993);
15 Sierra Dev. Co. v. Chartwell Advisory Group, Ltd., 325 F. Supp. 3d 1102, 1109 (D. Nev. 2018),
16 appeal dismissed, 18-16489, 2018 WL 5857899 (9th Cir. Oct. 15, 2018) ("The rule which
17 precludes the recovery of uncertain damages applies to such as are not the certain result of the
18 wrong.") (citation omitted); Knier v. Azores Const. Co., 368 P.2d 673, 675 (1962) (loss of
19 prospective profits of a new motel business enterprise was too uncertain and speculative to form
20 a basis for recovery); Vestar Dev. II, LLC v. Gen. Dynamics Corp., 249 F.3d 958, 962 (9th Cir.
21 2001) (finding lost profits claim too speculative for breach of agreement to negotiate where
22 plaintiff sought "future profits that it hoped to earn from the shopping center it had planned to
23 build on the parcel it was attempting to buy"); Rd. & Highway Builders v. N. Nev. Rebar, 284
24 P.3d 377, 381 (2012). As the party seeking damages, Bustos has the burden of proving both that
25 he did, in fact, suffer injury and certainty as to the amount of damages that resulted from that
26 supposed injury. He has not met his burden here, failing to raise even a genuine issue of material
27 fact as to damages. Accordingly, the Court grants summary judgment on all of Plaintiff's claims.
28

B. Claims against Dennis, personally, and Investment Insurance Services

Alternatively, even if the Court were not granting summary judgment on all Plaintiff's claims, it would grant summary judgment to Defendant Dennis, personally, and to Defendant Investment Insurance, Inc., because Plaintiff has not raised a genuine issue of material fact that they are alter egos of Southern, or that they are parties to the contract. In Nevada, "no one is liable upon a contract except those who are parties to it." Albert H. Wohlers & Co.v. Bartgis, 969 P.2d 949, 959 (1998). Further, members or managers of limited liability companies formed under Nevada law are not individually liable for the company's debts or liabilities. Nev. Rev. Stat. § 86.371 (2017).

Here, Plaintiff had adequately alleged in his Second Amended Complaint that Dennis and Investment Insurance Services were alter egos of Southern. However, in response to Defendants' motion for summary judgment on this issue, Plaintiff produced no evidence that would meet the stringent standard for setting aside the corporate form and finding Defendant Dennis personally liable. See Nev. Rev. Stat. § 78.747; see also Polaris Industrial Corp. v. Kaplan, 747 P.2d 884, 886 (Nev. 1987). "The question of whether a stockholder, director or officer acts as the alter ego of a corporation must be determined by the court as a matter of law." NRS § 78.747. "There is no litmus test for determining when the corporate fiction should be disregarded; the result depends on the circumstances of each case." Polaris Industrial, 747 P.2d at 887. Plaintiff asserts that the Court's finding that the allegations of the second amended complaint were enough to survive a motion to dismiss is enough to survive a motion for summary judgment.

However, the non-moving party "must produce specific evidence, through affidavits or admissible discovery material, to show" a sufficient evidentiary basis on which a reasonable fact finder could find in its favor. Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–249 (1986). Here, Plaintiff did not offer any factual evidence from which the Court could conclude that Dennis and/or Investment was the alter ego of Southern. Therefore, the Court, alternatively, grants summary judgment for Dennis, personally, and Investment.

### C. Economic Loss Doctrine Bars Plaintiff's Tort Claim and Civil Conspiracy Claim

Alternatively, even if Bustos could identify any recoverable damages (which he cannot), his alleged damages for lost profits and commissions from prospective business relationships caused by Defendants' alleged interference with Wilson constitutes purely economic losses which are barred by the economic loss doctrine. Desert Salon Services, Inc. v. KPSS, Inc., 2013 WL 497599, at *5 (D. Nev. Feb. 6, 2013) (citing Peri & Sons Farms, Inc. v. Jain Irr., Inc., 2013 WL 164089 (D. Nev. Jan. 15, 2013)). "The economic loss doctrine marks the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby encourages citizens to avoid causing physical harm to others." Calloway v. City of Reno, 993 P.2d 1259, 1263 (2000) (citation omitted), overruled on other grounds by Olson v. Richard, 89 P.3d 31, 32–33 (2004). "The economic loss doctrine exists to prevent contract law from drowning in a sea of tort." East River S.S. Corp. v. Transamerica Deleval, 476 U.S. 858, 866 (1986) (internal quotations omitted).

In Nevada, the economic loss doctrine bars unintentional tort claims when a plaintiff seeks to recover "purely economic losses." Calloway, 116 Nev. at 257 (citing American Law of Products Liability (3d. § 60:39, at 69 (1991)); Terracon Consultants Western, Inc. v. Mandalay Resort Group, 206 P.3d 81 (2009). Thus, the doctrine provides that certain economic losses are properly remediable only in contract. Giles v. General Motors Acceptance Corp., 494 F.3d 865, 873 (9th Cir.2007). Purely economic loss has been defined as "the loss of the benefit of the user's bargain...including...pecuniary damage for inadequate value, the cost of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property." Calloway, 116 Nev. at 257.

Here, Bustos alleges that he lost commissions and service fees that he speculates would have been earned by his distribution network of agents. This is exactly the type of damages alleged by the plaintiff in Desert Salon which the court found to be "purely economic losses" barred by the economic loss doctrine. Therefore, the Court grants summary judgment for Defendants on this alternative ground.

Finally, having barred recovery on Plaintiff's tort claim because Plaintiff produced no admissible evidence of damages and, alternatively, by applying the economic loss doctrine, Plaintiff's civil conspiracy claim also fails. To state a claim for civil conspiracy, plaintiffs must allege two elements: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. Bond Mfg. Co., Inc. v. Ashley Furniture Indus., Inc., 2018 WL 1511717, at *9 (D. Nev. Mar. 27, 2018) (citing GES, Inc. v. Corbitt, 21 P.3d 11, 15 (2001)); Guillen v. American Home Mortgage Servicing, Inc., 2011 WL 5190784, at *2 (D. Nev. Oct. 28, 2011). With the failure of the underlying tort, Plaintiff's civil conspiracy claim fails.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#100) is **GRANTED**;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

IT IS FINALLY ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

Dated this 28th day of September 2020.

_____
Kent J. Dawson
United States District Judge