UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERNEST BUSTOS, | Case No. 2:17-cv-0822-KJD-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| GREGG A. DENNIS, d/b/a IIS BENEFIT ADMINISTRATORS, *et al.*, | |
| Defendant. | |

Presently before the Court is Defendants' Motion for Attorneys' Fees and Non-taxable Costs (#123). Plaintiff filed a response in opposition (#126) to which Defendants replied (#129). Also before the Court is Plaintiff's Motion To Examine Affiant re: Calculation of Attorneys' Fees (#132). Defendants filed a response in opposition (#134). Finally, before the Court is Defendants' unopposed Motion for Release of Cost Bonds (#131). That motion, having been read and considered by the Court, and good cause being found, is granted.

<u>I. Motion for Attorneys' Fees and Non-taxable Costs</u>

"In diversity actions, federal courts are required to follow state law in determining whether to allow attorneys' fees." <u>Swallow Ranches, Inc. v. Bidart</u>, 525 F.2d 995, 999 (9th Cir. 1975). Nevada Revised Statute § 18.010(2)(b) provides that a prevailing party can obtain an award of attorneys' fees if the court finds that the action was "brought or maintained without reasonable ground." The decision to award attorneys' fees under section 18.010(2)(b) is "within the sound discretion of the district court." <u>Kahn v. Morse & Mowbray</u>, 117 P.3d 227, 238 (Nev. 2005). However, courts are required by statute to "liberally construe the provisions of [NRS § 18.010] in favor of awarding attorneys' fees in all appropriate situations ... to punish for and deter frivolous or vexatious claims and defenses." Nev. Rev. Stat. § 18.010(2)(b). To support

such an award, "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." Semenza v. Caughlin Crafted Homes, 901 P.2d 684, 687 (Nev. 1995). Such analysis depends on the circumstances of the case. Id. at 688.

The Nevada Supreme Court has recognized that a claim is groundless if the complaint contains allegations which are not supported by any credible evidence at trial. Semenza, 901 P.2d at 688. The court has clarified, however, that "[i]f an action is not frivolous when it is initiated, then the fact that it later becomes frivolous will not support an award of [attorneys'] fees." Id. (quoting Duff v. Foster, 885 P.2d 589, 591 (Nev. 1994). Therefore, "the proper inquiry is whether the claim 'was brought' without reasonable grounds." Barozzi v. Benna, 918 P.2d 301, 303 (Nev. 1996) (quoting Duff, 885 P.2d at 591).

Here, it is the circumstances and procedural history of this action that control the Court's determination that the evidence that Plaintiff brought this action without reasonable grounds or to harass the other party is not sufficient to justify an award of attorneys' fees pursuant to NRS § 18.010. The parties executed a contract. After execution, Defendants ghosted Plaintiff, failing to communicate with Plaintiff in any way, let alone explain their reservations and/or belief that Plaintiff had failed to fulfill conditions precedent. Plaintiff, through counsel, then initiated this action in state district court in Bexar County, Texas. Defendants removed the action to the United District Court for the Western District of Texas and subsequently the case was transferred to the District of Nevada. After transfer, Plaintiff's counsel withdrew and Plaintiff proceeded *pro se*. Plaintiff failed during discovery to procure admissible evidence of damages and evidence against individual defendants supporting his alter ego theory. However, the Court cannot say, that at the time the action was initiated that the claims were brought without reasonable grounds. Accordingly, the Court denies Plaintiff's motion for attorneys' fees pursuant to Nev. Rev. St. § 18.010(2)(b).

However, Defendants are entitled to their reasonable and necessary costs as a prevailing party. "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003) (citing Erie RR Co. v.

Thompkins, 304 U.S. 64 (1938)). An award of costs in federal district court is thus normally governed by FRCP 54(d), even in diversity cases. Champion v. Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1021 (9th Cir. 2003). Consistent with these principles, the Ninth Circuit panel in Aceves v. Allstate Insurance Company held that federal law controls the reimbursement of expert witnesses in diversity cases "[b]ecause reimbursement of expert witness fees is an issue of trial procedure" rather than a substantive rule. Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1167-68 (9th Cir. 1995). Eight years later in Clausen v. M/V New Carissa, a Ninth Circuit panel distinguished Aceves and held that the Oregon Oil Spill Act's damages provision—which allowed for the recovery of costs—trumped the federal cost provision, finding that the right to damages that accrued to prevailing plaintiffs under the state Oil Spill Act was substantive in nature and therefore controlled. Clausen v. M/V New Carissa, 339 F.3d 1049, 1065 (9th Cir. 2003).

Under NRS § 18.020 the prevailing party in any action seeking more than $2,500 in damages is entitled to recover any "reasonable and necessary expenses incurred in connection with the action, including reasonable and necessary expenses for computerized services for legal research" as a matter of right. Coker Equipment Co., Inc. v. Wittig, 366 Fed. Appx. 729, 733 (9th Cir. 2010). The award is mandatory, though courts retain discretion to determine the reasonableness of the amounts and the costs to be awarded. Schwartz v. Estate of Greenspun, 881 P.2d 638, 643 (Nev. 1994). Because this is an express statutory mandate, the Court finds that reimbursement under NRS § 18.005 is a substantive right and therefore trumps FRCP 54(d). Coker Equipment Co., 366 Fed. Appx. at 733 (reversing award of costs under NRS § 18.020 and remanding for explanation of why particular costs sought were not awarded); Shaw v. CitiMortgage, Inc., 2016 WL 6562046, *1 (D. Nev. Nov. 3, 2016) (awarding costs under NRS § 18.020); Rolon v. Catholic Healthcare West, 2013 WL 2476169, *1 (D. Nev. June 7, 2013) (same); In re USA Commercial Mortg. Co., 802 F. Supp. 2d 1147, *1184–85 (D. Nev. 2011) (same). Therefore, pursuant to NRS § 18.005 (17), the Court finds that Defendants may recover their costs for "reasonable and necessary expenses for computerized services for legal research." Based on the length of the case and the briefing of multiple motions to dismiss and motions for

summary judgment as well as the itemization of such costs found in Exhibit A-2 of Defendants' Motion for Attorneys' Fees and Non-taxable Costs (#123), the Court finds that the amount of non-taxable costs related to computerized legal research services is reasonable and necessary. Therefore, the Court awards Defendants $11,186.64 in non-taxable costs, plus post-judgment interest at the statutory rate.

B. Motion to Examine Affiant

Plaintiff's response to Defendant's Motion for Attorneys Fees and Costs was due no later than October 26, 2020. Plaintiff filed his opposition on October 27, 2020. Plaintiff then filed the motion to examine Defendants on November 9, 2020. Accordingly, the Court denies the motion as untimely.

C. Motion for Release of Cost Bonds

On May 15, 2018, Plaintiff posted three non-resident cost bonds in the of $500.00 each with the clerk of the Court. Pursuant to Nev. Rev. Stat. § 18.130, the purpose of the bonds is to secure any recovery of costs in favor of defendants. Defendants' motion being unopposed and pursuant to the taxed bill of costs, the Court orders the Clerk of the Court to release or pay $486.13 of Plaintiff's bonds to satisfy the taxed costs.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees and Non-taxable Costs (#123) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Defendants' Motion for Attorneys' Fees is **DENIED**;

IT IS FURTHER ORDERED that Defendants' Motion for Non-taxable Costs is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment for Defendants in the amount of $11,186.64, plus post-judgment interest at the statutory rate;

IT IS FINALLY ORDERED that Defendants' Motion for Release of Cost Bonds (#131) is **GRANTED**;

///

///

1     IT IS ORDERED that the Clerk of the Court release or pay $486.13 of Plaintiff's bonds
2  to Defendants.
3  Dated this 12th day of July 2021.

                                            _____
                                            Kent J. Dawson
                                            United States District Judge